# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

## CASE NO.:

SKYE ENERGY VENTURES, LLC,

     Plaintiff,

v.

RICHARD J. HOLLANDER
and SOUTHERN LOGISTICS
FINANCIAL, INC.,

     Defendants.

_____/

## <u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

Plaintiff, SKYE ENERGY VENTURES, LLC ("SKYE ENERGY"), sues the Defendants, RICHARD J. HOLLANDER ("HOLLANDER") and SOUTHERN LOGISTICS FINANCIAL, INC. ("SOUTHERN LOGISTICS"), and states as follows:

## <u>NATURE OF THE CASE</u>

1.    This action seeks the recovery of well over $1,000,000 of Plaintiff's money deposited in escrow with Defendants for a fuel transaction

that never occurred and for the recovery of compensation for damages in an amount to be proven at trial.

## **PARTIES**

2.    At all times material hereto, SKYE ENERGY was and is a Texas company engaged in the purchase and sale of oil.

3.    At all times material hereto, HOLLANDER was and is a resident of Collier County, Florida, and is a member of the Florida Bar.

4.    At all times material hereto, HOLLANDER is the officer for SOUTHERN LOGISTICS, a company that was founded in 2023.

5.    At all times material hereto, SOUTHERN LOGISTICS, was and is a corporation incorporated under the laws of the State of Florida that maintained an office for the regular transaction of business in Collier County, Florida.

## **JURISDICTION AND VENUE**

6.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the federal district courts have original jurisdiction of all civil actions arising under the laws of the United States, including 18 U.S.C. § 1964.

7.     This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between Plaintiff, which is a Texas company, and Defendant, HOLLANDER, who is an individual who resides in Collier County, Florida, and Defendant, SOUTHERN LOGISTICS, which is a Florida corporation. Further, the amount in controversy exceeds $75,000, exclusive of costs and interest.

8.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over Defendants as Defendants reside and are domiciled in this judicial district.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c)(2); pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district; and pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

**FACTS APPLICABLE TO ALL COUNTS**

11.     On or about August 20, 2024, Plaintiff and Euro Bunkering Service Limited entered into an agreement to store Ultra-Low Sulphur Diesel

EN590 ("Fuel") with Euro Bunkering Service Limited for thirteen (13) days. A copy of the Tank Storage Receipt agreement is attached hereto as Exhibit "A."

12.    As part and parcel of the arrangement between Plaintiff and Euro Bunkering Service Limited, Plaintiff was to deposit a series of monetary payments amounting to more than $1,000,000 with HOLLANDER and/or SOUTHERN LOGISTICS as escrow. Copies of the respective invoices are attached hereto as Exhibit "B."

13.    HOLLANDER and/or SOUTHERN LOGISTICS advised Plaintiff that it would accept the escrow funds and arrange for a tanker to move the Fuel to Plaintiff.

14.    HOLLANDER and/or SOUTHERN LOGISTICS accepted $1,496,000.00[1] in escrow from Plaintiff, indicated that it had received funds to be held in escrow, and had assigned a tanker to receive the Fuel and ship it to Plaintiff.

15.    That shipment never came to fruition.

16.    Indeed, no Fuel was ever delivered to Plaintiff.

---

[1] This escrow payment is larger than the Tank Storage Receipt agreement as Plaintiff paid for an extended tank storage time when the shipment never occurred.

17.    Plaintiff rightfully became concerned about the status of its $1,496,000.00 sent to the escrow account of HOLLANDER and/or SOUTHERN LOGISTICS.  Once the time period of Fuel storage ended, and Plaintiff still had not received the Fuel, Plaintiff demanded a refund of the escrow deposits.

18.    However, the remaining $1,496,000.00 held in escrow was withheld from Plaintiff and was instead transferred out of the escrow account to an unknown party without the written consent or instruction from Plaintiff to release funds.

19.    The money was deposited into the escrow account of HOLLANDER and/or SOUTHERN LOGISTICS of which HOLLANDER and/or SOUTHERN LOGISTICS were acknowledged fiduciaries.

20.    HOLLANDER and/or SOUTHERN LOGISTICS were parties to the escrow transaction for which it acted as a fiduciary.  Plaintiff is not in possession of the escrow agreement though it is anticipated that Defendants are in possession of same and that it will be produced in the course of discovery.

21.    This is not the only instance of HOLLANDER and/or SOUTHERN LOGISTICS transferring money held in escrow for a fuel

transaction that was never completed. In fact, another case was filed in the Twentieth Circuit Court in and for Collier County, Florida on July 23, 2024, in which AK Petroleum, S.A., a fuel purchaser, alleged HOLLANDER and/or SOUTHERN LOGISTICS performed an identical scheme in which they, again, fraudulently released escrow funds when the contracted-for fuel was never delivered. (Case No. 24-CA1532 pending in the 20th Judicial Circuit in and for Collier County, Florida)(the "AK Petroleum Case"). A copy of the AK Petroleum Case Complaint is attached hereto as Exhibit "C."

22.    Likewise, another case was filed in the Twentieth Judicial Circuit Court in and for Collier County on October 28, 2024, in which a different individual, Drake Doepke, alleged HOLLANDER and/or SOUTHERN LOGISTICS performed the same scheme in fraudulently releasing escrow funds when contracted-for fuel was never delivered. (Case No. 11-2024-CA-002237-0001-01)(the "Doepke Case"). A copy of the Doepke Case Complaint is attached hereto as Exhibit "D."

23.    All conditions precedent necessary to maintain this action have been satisfied by Plaintiff.

## COUNT I

6

## <u>VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT</u>

24.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2-23 as if same were fully set forth herein and further allege as follows:

25.     This is a claim brought pursuant to the RICO Act, 18 U.S.C. §§ 1961-1968.

26.      Defendants, HOLLANDER and SOUTHERN LOGISTICS, were engaged in a criminal enterprise to portray themselves as escrow agents in international fuel transactions with the true intent of releasing escrowed funds for personal monetary gain and/or foreign interests without ever delivering the fuel.

27.     HOLLANDER and SOUTHERN LOGISTICS demonstrated a pattern of racketeering activity by engaging in at least three (3) incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents. Namely, the recently filed AK Petroleum Case and Doepke Case described the commissions of identical racketeering schemes to the present case in which HOLLANDER and SOUTHERN LOGISTICS portrayed themselves as

escrow agents in an international fuel transaction only to release the escrow funds without ever delivering the fuel.

28.    As a result, HOLLANDER and SOUTHERN LOGISTICS violated 18 U.S.C. § 1962(a) by receiving income derived, directly or indirectly, from a pattern of racketeering activity for use of their enterprise which is engaged in interstate or foreign commerce through by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

29.    Alternatively, HOLLANDER and SOUTHERN LOGISTICS violated 18 U.S.C. § 1962(b) by, through a pattern of racketeering activity, acquiring or maintaining, directly or indirectly, interest in or control of an enterprise engaged in interstate or foreign commerce by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

30.    Further, HOLLANDER and SOUTHERN LOGISTICS violated 18 U.S.C. § 1962(c) by associating with an enterprise engaged in interstate or foreign commerce to conduct or participate in the racketeering activity of such enterprise's affairs by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

31.     Additionally, HOLLANDER and SOUTHERN LOGISTICS violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. §§ 1962(a-c) by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

32.     Plaintiff has been injured by HOLLANDER and SOUTHERN LOGISTICS's violation of 18 U.S.C. § 1962.

33.     Given that Plaintiff has been injured by Defendants' violation of 18 U.S.C. § 1962, Plaintiff is entitled to treble damages pursuant to 18 U.S.C. § 1964(c). Likewise, Plaintiff is also entitled to reasonable attorney's fees and court costs pursuant to 18 U.S.C. § 1964(c).

34.     Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendants, HOLLANDER and SOUTHERN LOGISTICS and treble damages pursuant to 18 U.S.C. § 1962, along with costs, attorney's fees, prejudgment interest and for any other relief the Court deems just, equitable and proper.

## COUNT II

## VIOLATION OF THE FLORIDA RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

35.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2-23 as if same were fully set forth herein and further allege as follows:

36.     This is a claim brought pursuant to Chapter 772, Florida Statutes.

37.     Defendants, HOLLANDER and SOUTHERN LOGISTICS, were engaged in a criminal enterprise to portray themselves as escrow agents in international fuel transactions with the true intent of releasing escrowed funds for personal monetary gain without ever delivering the fuel.

38.     HOLLANDER and SOUTHERN LOGISTICS demonstrated a pattern of criminal activity by engaging in at least three (3) incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents. Namely, the recently filed AK Petroleum Case and Doepke Case described the commissions of identical racketeering schemes to the present case in which HOLLANDER and SOUTHERN LOGISTICS portrayed themselves as escrow agents in an international fuel transaction only to release the escrow funds without ever delivering the fuel.

39.     As a result, HOLLANDER and SOUTHERN LOGISTICS violated Section 772.103(3), Fla. Stat., by associating with an enterprise to

conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

40.    Alternatively, HOLLANDER and SOUTHERN LOGISTICS violated Section 772.103(4), Fla Stat., by conspiring or endeavoring to violate Section 772.103(3), Fla. Stat., by releasing escrowed funds under fraudulent international fuel transactions for personal monetary gain.

41.    Plaintiff has been injured by HOLLANDER and SOUTHERN LOGISTICS's violation of Section 772.103, Fla. Stat.

42.    Given that Plaintiff has been injured by Defendants' violation of Section 772.103, Fla. Stat., Plaintiff is entitled to treble damages pursuant to Section 772.104(1), Fla. Stat. Likewise, Plaintiff is also entitled to reasonable attorney's fees and court costs pursuant to Section 772.104(3), Fla. Stat.

43.    Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendants, HOLLANDER and SOUTHERN LOGISTICS and treble damages pursuant to § 772.104(1), Fla. Stat., along with costs, attorney's fees, prejudgment interest and for any other relief the Court deems just, equitable and proper.

## COUNT III

## NEGLIGENCE AGAINST HOLLANDER

44.    Plaintiff repeats and re-alleges the allegations of Paragraphs 2-4 and 6-23 as if same were fully set forth herein and further allege as follows:

45.    Defendant, HOLLANDER, owed Plaintiff the duty of reasonable care to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

46.    Defendant, HOLLANDER, was negligent and breached that duty of care by dispersing Plaintiff's escrow funds without Plaintiff's authorization when the Fuel was never delivered.

47.    As a direct and proximate result of HOLLANDER's negligence, Plaintiff suffered damages, including the loss of the entire escrow deposit.

WHEREFORE, Plaintiff demands judgment against Defendant, HOLLANDER, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT IV

## NEGLIGENCE AGAINST SOUTHERN LOGISTICS

48.    Plaintiff repeats and re-alleges the allegations of Paragraphs 2 and 5-23 as if same were fully set forth herein and further allege as follows:

49.     Defendant, SOUTHERN LOGISTICS, owed Plaintiff the duty of reasonable care to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

50.     Defendant, SOUTHERN LOGISTICS, was negligent and breached that duty of care by dispersing Plaintiff's escrow funds without Plaintiff's authorization when the Fuel was never delivered.

51.     As a direct and proximate result of SOUTHERN LOGISTICS's negligence, Plaintiff suffered damages, including the loss of the entire escrow deposit.

WHEREFORE, Plaintiff demands judgment against Defendant, SOUTHERN LOGISTICS, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT V

### BREACH OF FIDUCIARY DUTY AGAINST HOLLANDER

52.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2-4 and 6-23 as if same were fully set forth herein and further allege as follows:

53.     Defendant, HOLLANDER, as the escrow agent of the transaction, owed Plaintiff a fiduciary duty to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

54.    HOLLANDER breached his fiduciary duty to Plaintiff by disbursing the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

55.    As a direct and proximate result of HOLLANDER's breach of fiduciary duty, Plaintiff suffered damages, including the loss of the entire escrow deposit.

WHEREFORE, Plaintiff demands judgment against Defendant, HOLLANDER, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT VI

## BREACH OF FIDUCIARY DUTY AGAINST SOUTHERN LOGISTICS

56.    Plaintiff repeats and re-alleges the allegations of Paragraphs 2 and 5-23 as if same were fully set forth herein and further allege as follows:

57.    Defendant, SOUTHERN LOGISTICS, as the escrow agent of the transaction, owed Plaintiff a fiduciary duty to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

58.    SOUTHERN LOGISTICS breached his fiduciary duty to Plaintiff by disbursing the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

59.    As a direct and proximate result of SOUTHERN LOGISTICS breach of fiduciary duty, Plaintiff suffered damages, including the loss of the entire escrow deposit.

WHEREFORE, Plaintiff demands judgment against Defendant, SOUTHERN LOGISTICS, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT VII

## FRAUD AGAINST HOLLANDER

60.    Plaintiff repeats and re-alleges the allegations of Paragraphs 2-4 and 6-23 as if same were fully set forth herein and further allege as follows:

61.    HOLLANDER made the material representation to Plaintiff that he would hold Plaintiff's deposit in escrow and arrange for the fuel transport in the transaction.

62.    These representations made by HOLLANDER were false and known to be false at the time they were made.

63.    HOLLANDER intended that Plaintiff act upon the misrepresentations to deliver the escrow deposit to HOLLANDER for the fuel transaction when HOLLANDER intended not to arrange for the fuel

transport and while HOLLANDER transferred Plaintiff's funds for his own personal benefit.

64.     Plaintiff      justifiably      relied      upon      HOLLANDER's misrepresentations and delivered a significant sum to HOLLANDER only to have those funds transferred for HOLLANDER's benefit. In other words, HOLLANDER released Plaintiff's funds for his personal use after Plaintiff justifiably relied upon HOLLANDER's misrepresentations and to the detriment of Plaintiff.

WHEREFORE, Plaintiff demands judgment against HOLLANDER for damages, costs, prejudgment interest and for any other relief the Court deems just, equitable and proper.

## COUNT VIII

## FRAUD AGAINST SOUTHERN LOGISTICS

65.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2 and 5-23 as if same were fully set forth herein and further allege as follows:

66.     SOUTHERN LOGISTICS made the material representation to Plaintiff that it would hold Plaintiff's deposit in escrow and arrange for the fuel transport in the transaction.

67.    These representations made by SOUTHER LOGISTICS were false and known to be false at the time they were made.

68.    SOUTHERN LOGISTICS intended that Plaintiff act upon the misrepresentations to deliver the escrow deposit to SOUTHERN LOGISTICS for the fuel transaction when SOUTHERN LOGISTICS intended not to arrange for the fuel transport and while SOUTHERN LOGISTICS transferred Plaintiff's funds for its own personal benefit.

69.    Plaintiff justifiably relied upon SOUTHERN LOGISTICS's misrepresentations and delivered a significant sum to SOUTHERN LOGISTICS only to have those funds transferred for SOUTHERN LOGISTICS's benefit. In other words, SOUTHERN LOGISTICS released Plaintiff's funds for its personal use after Plaintiff justifiably relied upon SOUTHERN LOGISTICS's misrepresentations and to the detriment of Plaintiff.

WHEREFORE, Plaintiff demands judgment against SOUTHERN LOGISTICS for damages, costs, prejudgment interest and for any other relief the Court deems just, equitable and proper.

## COUNT IX

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST HOLLANDER

70.    Plaintiff repeats and re-alleges the allegations of Paragraphs 2-23 as if same were fully set forth herein and further allege as follows:

71.    Defendant, SOUTHERN LOGISTICS, as the escrow agent of the transaction, owed Plaintiff a fiduciary duty to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

72.    SOUTHERN LOGISTICS breached its fiduciary duty to Plaintiff by disbursing the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

73.    HOLLANDER had knowledge of the breach.

74.    HOLLANDER provided substantial assistance by facilitating the disbursement.

75.    As a result of the breach, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant, HOLLANDER, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT X

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST SOUTHERN LOGISTICS

76.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2-23 as if same were fully set forth herein and further allege as follows:

77.     Defendant, HOLLANDER, as the escrow agent of the transaction, owed Plaintiff a fiduciary duty to not disburse the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

78.     HOLLANDER breached his fiduciary duty to Plaintiff by disbursing the escrow funds without Plaintiff's authorization when the Fuel was never delivered.

79.     SOUTHERN LOGISTICS had knowledge of the breach.

80.     SOUTHERN LOGISTICS provided substantial assistance by facilitating the disbursement.

81.     As a result of the breach, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant, SOUTHERN LOGISTICS, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT XI

## CONVERSION AGAINST HOLLANDER

82.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2-4 and 6-23 as if same were fully set forth herein and further allege as follows:

83.     HOLLANDER obtained possession of Plaintiff's funds that were given to HOLLANDER to be held in escrow for the fuel transaction. The money constitutes specific chattel that can be readily identified by the monies deposited in the escrow account.

84.     HOLLANDER deprived Plaintiff of its property in a manner inconsistent with ownership of same.

85.     As a result, HOLLANDER converted Plaintiff's funds causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant, HOLLANDER, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## COUNT XII

## CONVERSION AGAINST SOUTHERN LOGISTICS

86.     Plaintiff repeats and re-alleges the allegations of Paragraphs 2 and 5-23 as if same were fully set forth herein and further allege as follows:

87.     SOUTHERN LOGISTICS obtained possession of Plaintiff's funds that were given to SOUTHERN LOGISTICS to be held in escrow for

the fuel transaction. The money constitutes specific chattel that can be readily identified by the monies deposited in the escrow account.

88.    SOUTHERN LOGISTICS deprived Plaintiff of its property in a manner inconsistent with ownership of same.

89.    As a result, SOUTHERN LOGISTICS converted Plaintiff's funds causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant, SOUTHERN LOGISTICS, for damages, costs, prejudgment interest, and for any other relief the Court deems just, equitable and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable as a matter of

right.

Dated this 3rd day of April 2025.

_____
BRAD E. KELSKY (FBN:  0059307)
KELSKY LAW, P.A.
Counsel for Plaintiff
150 S. Pine Island Road
Suite 300
Plantation, FL 33324
954.449.1400
Fax:  954.449.8986
Primary:  bradkelsky@kelskylaw.com
Secondary:  barbarallinas@kelskylaw.com
Secondary:  benkelsky@kelskylaw.com