UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYE ENERGY VENTURES LLC,

    Plaintiff,

v.                                            Case No.:  2:25-cv-274-SPC-DNF

RICHARD J. HOLLANDER and
SOUTHERN LOGISTICS
FINANCIAL, INC.,

    Defendants.

## OPINION AND ORDER

The Court dismissed Plaintiff's Florida RICO claim with prejudice after Plaintiff repeatedly failed to state a claim.  (Doc. 36).  Before the Court is Defendants Richard J. Hollander and Southern Logistics Financial, Inc.'s Motion for Entitlement to Attorney's Fees.  (Doc. 38).  Plaintiff Skye Energy Ventures LLC responded.  (Doc. 44).  For the below reasons, the Court grants the motion.

When a defendant prevails in its defense of a Florida RICO claim, "[t]he defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support."  Fla. Stat. § 772.104; *see also Smith v. Viragen, Inc.*, 902 So. 2d 187, 191 (Fla. Dist. Ct. App. 2005) ("A

successful defendant in a civil RICO action can recover fees when the RICO claim is 'without substantial fact or legal support.'"). "It is not necessary that the court find a 'complete absence of a justiciable issue of either law or fact.'" *Royal Palm Village Residents, Inc. v. Slider*, No. 8:19-CV-874-CEH-SPF, 2021 WL 4452898, at *5 (M.D. Fla. Sept. 29, 2021), *aff'd sub nom.*, 57 F.4th 960 (11th Cir. 2023) (cleaned up and citation omitted). "This standard is less stringent than the standard for awarding attorneys' fees under other Florida statutory provisions, such as chapter 57.105, which allows for an attorneys' fee award in any civil action that is found to have been brought frivolously or in bad faith." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1330 (11th Cir. 1998).

Dismissing Plaintiff's RICO claim with prejudice, the Court largely cited Plaintiff's repeated inability to allege an enterprise. With each attempt, Plaintiff tried crafting an entirely different enterprise. Neither succeeded. Given Plaintiff's approach, the Court observed that Plaintiff seemingly was using RICO "to transition ordinary business disputes into [] RICO actions," which is improper. (Doc. 36 at 6). Making matters worse, Plaintiff then filed a Federal Rule of Civil Procedure 59(e) motion, arguing newly discovered evidence entitled it to a *third* opportunity to allege an *entirely new* enterprise. (Doc. 42). Denying the motion, the Court noted: "The fact Plaintiff seeks to allege an entirely new enterprise for the third time demonstrates Plaintiff did

not have a RICO claim to begin with; rather, it was trying to craft one as it went along hoping something would stick." (Doc. 45 at 6 n.5).

The foregoing demonstrates Plaintiff's Florida RICO claim was without substantial fact or legal support. Indeed, "[b]y dismissing the Florida RICO claim . . . with prejudice, the Court implicitly found that such claims were made without any substantial basis in law or fact." *Bahrakis v. Zimmerman*, No. 8:19-CV-2948T24SPF, 2020 WL 4734929, at \*2 (M.D. Fla. Aug. 14, 2020); *see also Johnson Enters.*, 162 F.3d at 1331 (observing "the Florida courts consistently have held that defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice" (citation and quotations omitted)). So Defendants are entitled to recover their reasonable attorney's fees and court costs defending the Florida RICO claim.[1]

Opposing a fee award, Plaintiff argues the Court should wait until the entire case is resolved on the merits.[2] Relying on *Coffey v. Evans Props., Inc.*, 585 So. 2d 960, 961 (Fla. Dist. Ct. App. 1991), Plaintiff reasons that, as

---

[1] Defendants also request their fees incurred defending the federal RICO claim (which the Court also dismissed with prejudice) because it is inextricably intertwined with the Florida RICO claim. *See Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (explaining when "a party is entitled to an award of fees for only some of the claims involved in the litigation,' a full fee award may be awarded "[i]f the claims involve a 'common core' of facts and are based on 'related legal theories'") (internal citations and quotations omitted)). The Court will address this issue when determining a reasonable fee award (if necessary).

[2] Plaintiff brought other state-law tort claims. But after dismissing Plaintiff's sole federal claim (the federal RICO claim), the Court declined to exercise supplemental jurisdiction over the tort claims and dismissed them without prejudice. (Doc. 36).

3

discovery continues on its remaining claims, it may obtain additional evidence that would persuade the Court as to the legal sufficiency of its RICO claim. (Doc. 44). The Court is unmoved. The Florida RICO claim is dismissed with prejudice. The remainder of the case is not before this Court. In fact, it is unclear if it is before *any* court. There is no indication Plaintiff refiled its tort claims in state court. So the Court is unsure what additional discovery Plaintiff believes will cause the Court to reconsider its dismissal Order.

Plaintiff already tried and failed to reopen the case under Rule 59(e). And the time for Plaintiff to appeal the Court's decision has expired. For all intents and purposes, the decision is final in this Court. *Cf. Coffey*, 585 So. 2d at 961 (explaining courts should wait to address fees under § 772.104 in cases with interrelated claims until after final judgment and appeals). What's more, even if Plaintiff can later allege a viable RICO claim in another court based on newly obtained evidence, it does not change the fact that the RICO claim Plaintiff alleged here was without any substantial basis in law or fact.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Entitlement to Attorney's Fees (Doc. 38) is **GRANTED.**

2. Defendants are entitled to an award of their reasonable fees and costs incurred defending the Florida RICO claim.

4

3. The parties are directed to diligently confer in person or via videoconference in a good faith effort to determine and agree upon the reasonable attorney's fees and costs that were incurred by defense counsel in this regard.

4. If the parties are unable to agree, Defendants must file a supplemental motion on the amount of fees and costs in compliance with Local Rule 7.01(c).  Such motion, if necessary, must certify the parties conferred as outlined in the foregoing paragraph.

**DONE** and **ORDERED** in Fort Myers, Florida this January 13, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record