**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SKYE ENERGY VENTURES, LLC,

Plaintiff,

v. Case No. 2:25-cv-274-SPC-KRH

RICHARD J. HOLLANDER, et al.

Defendants.
_____________________________/

**REPORT AND RECOMMENDATION**

At issue is Defendants Richard Hollander and Southern Logistics Financial, Inc.'s Motion for Attorney Fees. (Doc. 47). Plaintiff Skye Energy Ventures, LLC responded in opposition. (Doc. 48). The Court already determined that Defendants are entitled to recover reasonable attorney's fees incurred in defending against Plaintiff's Florida Racketeer Influenced and Corrupt Organizations ("RICO") claim. (Doc. 46). As explained below, the undersigned recommends awarding Defendants $16,360 in attorney's fees.

**Background**

This action has a long history for a case that never got past the pleadings. Over roughly 10 months, Plaintiff filed three separate complaints—each asserting Florida and federal RICO claims, along with eight other counts. (Doc. 1; Doc. 19; Doc. 30).

Initially, the Court dismissed the RICO claims with leave to amend. (Doc.

27). It then dismissed those same claims with prejudice. (Doc. 36). Plaintiff tried resurrecting the RICO claims based on purported newly discovered evidence, but the Court disagreed. (Doc. 45). Following that string of rulings, the Court held Defendants were entitled to fees for defending the Florida RICO claim and directed the parties to meet on a reasonable amount. (Doc. 46 at 5).

They did not agree. So Defendants filed this Motion, seeking $28,440 in fees. (Doc. 47 at 22). That figure represents 71.1 hours of attorney time at $400 per hour, which was a voluntary reduction from the 79 hours reflected in counsel's bill. (Doc. 47-1). Plaintiff doesn't dispute the hourly rate. It does, however, dispute the number of hours expended—arguing Defendants made no meaningful effort to allocate their billed time between the Florida RICO claim (for which fees are recoverable) and the nine other counts in the case (for which they are not). What's more, Plaintiff says that bill entries reflect improper block billing, and the time spent litigating the amount of fees itself is not compensable. (Doc. 48 at 2-13).

**Legal Standard**

Since entitlement is clear, the Court must now determine the amount of an award of reasonable attorney's fees. M.D. Fla. Local R. 7.01(a)-(c). The Florida RICO statute provides:

> The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs.

Fla. Stat. § 772.104(3). The statute therefore provides for recovery of "reasonable" attorney's fees. *Id.*

State law governs this substantive question of fees. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001). Florida (and federal) law applies the lodestar framework for making that fee determination. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985); *Bell v. U.S.B. Acquisition Co.,* 734 So. 2d 403, 406 (Fla. 1999).

Under that approach, courts multiply the number of hours reasonably expended by the reasonable hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Once calculated, this lodestar figure may be adjusted up or down depending on the circumstances. *See id.*

## Discussion

The analysis proceeds in three parts. First, the Court addresses counsel's hourly rate. Second, this inquiry fleshes out the contested question of the number of hours reasonably expended. And third, the Court calculates the lodestar.

### 1. Hourly Rate

The Court begins with the easier question of counsel's rate. Here, $400 per hour is reasonable.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 436 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The applicant bears the

burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may also use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1297.

This record supports Defendants' requested, undisputed rate. Nearby judges approved similar rates in comparable RICO litigation on more than one occasion. In *Omnipol, A.S. v. Worrell*, for example, the court approved a $350 hourly rate for RICO defense counsel with seven years of experience. No. 8:19-cv-794-VMC-TGW, 2022 WL 18157514, at *3 (M.D. Fla. Dec. 19, 2022), *R&R adopted*, 2023 WL 130730 (Jan. 9, 2023). Likewise, in *Oke v. Prontowash, LLC*, the court approved the same $350 rate in another federal RICO matter. No. 8:23-cv-2558-WFJ-TGW, 2024 WL 4894230, at *4 (M.D. Fla. Nov. 26, 2024). And more to the point, Judge Steele recently approved the very rate that Defendants seek here—$400 per hour—for this same attorney in a discrimination case. *Jones v. Hogan Servs., Inc.*, No. 2:25-cv-211-JES-NPM, 2025 WL 3462532 (M.D. Fla. Dec. 2, 2025). Counsel's credentials bear out the reasonableness of that figure as well; he has practiced for sixteen years and holds board certification in Employment Law. (Doc. 47 at 14-16).

Drawing from my familiarity with federal litigation in Southwest Florida, expertise about the market value of services litigators provide, and considering the unopposed rate, I recommend that $400 per hour be adopted as a reasonable rate.

**2. Hours Reasonably Expended**

The more contested question is how many of the hours Defendants billed were reasonably expended in defense of the Florida RICO claim specifically.

Defendants ask the Court to award fees for 71.1 hours. (Doc. 47 at 19). Plaintiff, by contrast, contends that no more than 21.89 hours can be attributed to RICO-related work. (Doc. 48 at 11).

The answer lies somewhere in between. Having reviewed the billing records, heavy dispositive motions practice, and competing submissions here, I find that neither party claims a reasonable award. Instead, my recommendation is a middle course grounded in the actual record—not either party's characterization of it.

**A. Full Intertwining Fails**

Defendants' primary position is that the Florida RICO claim was so intertwined with the remaining nine counts that no meaningful allocation between them is possible, so the Court should treat the entire 71.1-hour request (accounting for a voluntary ten percent reduction) as compensable. (Doc. 47 at 17-19). The undersigned cannot agree.

Where, as here, a party is entitled to fees for only some of the claims litigated in a case, the Court must examine the relationship between those claims to determine the appropriate scope of any fee award. *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011). If the claims involve a common core of facts and related legal theories, a full fee may be awarded unless the movant spent a separate and distinct amount of time on claims for which fees are not authorized. *Id*; *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1167 n.3 (11th Cir. 2017).

Courts find true intertwining of claims when the operative pleadings are so

tangled and poorly organized that it is functionally impossible to divide into discrete, separately defensible claims. *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *6-7 (S.D. Fla. Feb. 14, 2019), *R&R adopted*, 2019 WL 1216205 (Mar. 7, 2019). But a movant's own characterization of the scope of intertwined work does not control that inquiry where the record itself allows the Court to calculate a more precise allocation. *Durden*, 763 F. Supp. 2d at 1310-11 (rejecting the movant's proposed 50% self-reduction as insufficient and imposing a larger, independently calculated reduction); *see also Runion v. Bernard*, No. 2:20-cv-718-JLB-KCD, 2022 WL 18492497, at *5 (M.D. Fla. Dec. 5, 2022) (rejecting the characterization because each motion to dismiss followed a consistent structure where discrete sections were devoted to separate claims).

The same conclusion follows here, for two reasons.

First, Plaintiff's pleadings weren't of a shotgun character that produced full intertwining like *Filippova*. The complaint in *Filippova* ran 277 pages and 1,565 paragraphs, which was described as "mind numbing" and "at best incoherent and riddled with redundancy," among "the worst examples of civil complaints this Court has ever seen." 2019 WL 1216150, at *6. The issues here were more segregable and distinct.

Second, and independently, Defendants' own motions to dismiss undercut their intertwining argument just as the motions in *Runion* defeated the same argument. Both motions organize their RICO arguments into identifiable, separately captioned sections that are visibly—and logically—distinct from the

sections addressing the other counts. (Doc. 23 at 11-17; Doc. 34 at 7-18).

Simply put, the Court can excise unrecoverable (or unsupported) figures rather than swinging a hatchet at the bills to account for partially recoverable fees. *See DJ Lincoln Enters., Inc. v. Google, LLC*, No. 20-CV-14159-Rosenberg/Reinhart, 2022 WL 4287640, at *12 (S.D. Fla. July 28, 2022), *R&R adopted*, 2022 WL 3754182 (Aug. 30, 2022) (awarding fees under § 772.104(3) with a 60% across-the-board cut). The undersigned therefore declines to award the full 71.1 hours on an intertwining theory and instead evaluates the billing records category by category, as set out below.

**B. Federal RICO Time is Recoverable**

Although Defendants' entitlement to fees rests on the Florida RICO statute specifically, the Court finds time spent defending against the related federal RICO claim is properly included in the award as well.

Again, a full fee is appropriate where the claims at issue share a common core of facts and related legal theories such that no separate and distinct time was spent on one over the other. *Durden*, 763 F. Supp. 2d at 1306. That describes the relationship between the federal and Florida RICO counts at issue. Both counts turned on the identical defect—Plaintiff's repeated failure to plead a viable RICO enterprise. Across both rounds of 12(b)(6) briefing, these claims were analyzed under the same Rule 9(b) particularity standard, enterprise requirement, and pattern-and-continuity demand. Indeed, the Court stated that "in addressing the federal RICO claim, [it] inherently addresses the Florida RICO claim (Count II) as

well." (Doc. 36 at 3 n.2).

The undersigned, therefore, recommends that time devoted to the RICO claims generally be treated as an undivided category.

### C. Block Billing Requires Scrutiny

Many of the disputed entries combine several distinct tasks into a single, undifferentiated figure. That practice is itself a documentation problem independent of the claim-allocation question. Block billing prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not, and "warrants a reduction of the number of hours" where fees are recoverable for only some of the work an entry describes. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010).

The remedy is not automatic exclusion of every block-billed entry; nor is it license to abandon the inquiry as unworkable. A court may instead use its own judgment to reach a reasonable figure. The goal is "rough justice," not "auditing perfection," and a court may rely on its overall sense of the litigation and reasonable estimates in allocating an attorney's time. *Fox v. Vice*, 563 U.S. 826, 838 (2011). This Court took exactly that approach in *Runion*, evaluating each block-billed motion to dismiss, rather than attempting to parse minutes out of an undifferentiated entry.

I believe that the Court should follow the same approach here. In doing so, any ambiguity that block billing leaves unresolved is construed against the fee applicant—who bears the burden of documenting hours with sufficient

particularity to permit review. *Norman*, 836 F.2d at 1303.

### D. First Motion to Dismiss (Doc. 23)

For the first dispositive motion, which was 24 pages, Defendants request $9,400, representing 23.5 hours of work:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/15/2025 | Review amended complaint; Outlining arguments for MTD; Teleconference with client. | 2 | $800 |
| 5/16/2025 | Continue outlining arguments for MTD, researching case law re: same, Prepare redline of CMR. | 3.5 | $1,400 |
| 6/3/2025 | Drafting MTD and legal researching re: same. | 5 | $2,000 |
| 6/4/2025 | Continue drafting of MTD and legal research; Telephone conference with client. | 3.9 | $1,560 |
| 6/9/2025 | Editing and drafting RICO sections of MTD, researching case law re same; Teleconference with client; Reviewing additional documents provided by client. | 4.6 | $1,840 |
| 6/11/2025 | Finalizing MTD and editing same. | 1.5 | $600 |
| 6/12/2025 | Final revisions and filing MTD; Telephone conference with client. | 2 | $800 |
| 6/20/2025 | Review and analyze Plaintiff's response to MTD. | 1 | $400 |
| **Total** | | **23.5** | **$9,400** |

This briefing wasn't like the perfunctory, case-quoting brief that warranted a fifty-percent reduction in *Runion*. Its RICO section applies Rule 9(b), the enterprise requirement, and the intracorporate conspiracy doctrine specifically to Plaintiff's pleaded allegations, rather than regurgitating abstract law. (Doc. 23 at 11-17). But the motion's primary theory rested on the Paymaster Services Agreements and their exculpatory and hold-harmless provisions. (Doc. 23 at 6-11).

That was a threshold argument—unrelated to RICO—occupying a substantially larger share of the motion.

Weighing the genuine quality of the RICO argument against how much of the motion's overall effort it actually represents, the Court recommends 12 hours be awarded—totaling $4,800.

The undersigned does not suggest that 23.5 hours was an unreasonable amount of time to spend drafting a thorough dispositive motion addressing ten claims. The problem is not that the hours billed are excessive in theory; Defendants can only recover fees for the RICO portion of that work, which was never the whole object that the motion tried to accomplish. Awarding the full 23.5 hours simply because the time as a whole appears reasonable would effectively require Plaintiff to underwrite Defendants' defense of the nine other counts as well, which is precisely the outcome that § 772.104(3) was designed to prevent. *See Chodorow v. Moore*, 947 So. 2d 577, 579-80 (Fla. Dist. Ct. App. 2007); *Durden*, 763 F. Supp. 2d at 1306.

**E. Second Motion to Dismiss (Doc. 34)**

For work on the next motion, which was 26 pages, Defendants request $6,200, representing 15.5 hours of work:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 7/21/2025 | Review and analyze 2nd amended complaint and attached exhibits; Compare allegations to prior pleadings; Review order granting MTD; Begin outlining arguments for renewed MTD and begin drafting same | 5 | $2,000 |

| | | | |
|---|---|---|---|
| 7/22/2025 | Continued drafting MTD and legal research re same | 2.4 | $960 |
| 7/27/2025 | Continued drafting renewed MTD. | 2.5 | $1,000 |
| 7/28/2025 | Attend Rule 16 conference; Review CMSO; Finalizing renewed MTD; Teleconference with client. | 2.2 | $880 |
| 8/11/2025 | Reviewing and analyzing Plaintiff's responses to renewed MTD; Comparing arguments to Court's prior order granting MTD; Outlining possible reply brief re RICO counts; Telephone conference with client. | 3.4 | $1,360 |
| **Total** | | **15.5** | **$6,200** |

This motion presented the opposite circumstances from the recycled motions in *Runion*. It responded to new substantive allegations in the Second Amended Complaint—i.e., kickback, alter ego, third enterprise, and reworked pattern-and-continuity theories. (Doc. 30 ¶¶ 26-27, 34). In fact, RICO issues occupied the largest single section of that motion, spanning roughly eleven of its twenty-six pages and addressing six distinct sub-issues in detail. (Doc. 34 at 7-18). Given the genuinely new and substantial nature of this work, the undersigned recommends 12 hours—for a total of $4,800.

As with the first motion to dismiss, this is not a finding that the 15.5 hours billed were unreasonable in the aggregate. That time may well reflect what drafting a twenty-six-page motion addressing ten counts actually required. The point remains the same as in Section D: only the portion of that work devoted to the RICO claim is recoverable. Together, Sections D and E yield 24 recoverable hours, in place of the 39 hours Defendants seek.

### F. RICO-Specific Order Review and Pre-Motion Letter

Plaintiff specifically objects to each of the following entries, characterizing each as work that "is not work on the RICO claim." (Doc. 48 at 4, 8, 10-11).

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/5/2025 | Drafting detailed email to OC regarding deficiencies in federal complaint; Responding to email from opposing counsel. | .6 | $240 |
| 6/30/2025 | Review and analyze order granting MTD in part. | .5 | $200 |
| 8/20/2025 | Reviewing and analyzing order dismissing RICO counts with prejudice; Telephone conference with client. | .5 | $200 |
| 11/17/2025 | Reviewing and analyzing order denying Rule 59 motion. | .3 | $120 |
| 1/14/2026 | Reviewing and analyzing order granting entitlement to attorney's fees; Telephone conference with client. | .5 | $200 |
| **Total** | | **2.4** | **$960** |

Neither party's position on these entries is satisfying, though for different reasons. A bare assertion that an entry "is not work on the RICO claim," repeated across various unrelated entries without engaging what each entry describes, falls short of the specific and reasonably precise objection *Barnes* requires. 168 F.3d at 428. Still, it would be impractical to demand that counsel specify (in every entry across a ten-count case) exactly which claims a given task or claim touches.

Defendants' own billing nonetheless undercuts their position as to these five entries specifically. Where bills affirmatively describe an entry as reviewing the order "dismissing RICO counts with prejudice" or "granting entitlement to

attorney's fees" under RICO, counsel himself supplied the specificity that Plaintiff's more generalized objections otherwise lack, so he cannot then argue that allocation is impractical. Instead of Plaintiff's generic objections or the absence of context, it is Defendants' own billing descriptions that settle which entries are compensable.

Combined with the pre-motion letter, which focuses on RICO's Rule 9(b) predicate act and intracorporate conspiracy defects, the undersigned recommends that all 2.4 hours be recoverable in full—totaling $960.

### G. Fees for Rule 59(e) Opposition

The following entries do not appear among Plaintiff's itemized objections, (Doc. 48 at 10-11):

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/16/2025 | Reviewing and analyzing Plaintiff's rule 59 motion; Outlining response and legal research re same. | 2.2 | $880 |
| 9/17/2025 | Reviewing Rule 59 motion and all its attachments; Drafting response to Rule 59 motion and finalizing/filing same. | 6 | $2,400 |
| **Total** | | **8.2** | **$3,280** |

Where a fee opponent has not lodged a specific objection to a particular entry, the Court will not, on its own initiative, search the record for reasons to cut it. *Fox*, 563 U.S. at 838 (Federal "courts need not, and indeed should not, become green-eyeshade accountants."). These entries also reflect substantive work defeating Plaintiff's attempt to resurrect the dismissed RICO claims. (Doc. 45). The undersigned recommends all 8.2 hours are recoverable—totaling $3,280.

### H. Motion for Entitlement to Fees

Defendants request $2,280 for litigating entitlement to fees and the amount, representing 5.7 hours of work:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/28/2025 | Begin drafting motion for entitlement to attorney's fees, legal research re same. | 3.9 | $1,560 |
| 8/29/2025 | Finalizing and editing motion for entitlement to attorney fees, filing same. | 1.4 | $560 |
| 9/26/2025 | Reviewing and analyzing Plaintiff's response to motion for entitlement to attorney fees. | .4 | $160 |
| **Total** | | **5.7** | **$2,280** |

Defendants filed a motion for entitlement to fees. (Doc. 38). The Court granted that request. (Doc. 46). "It is settled that in litigating over attorney's fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees." *N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. Dist. Ct. App. 2003). The undersigned recommends that this number is reasonable, and that Defendants should be awarded $2,280.

### I. Case Development, Discovery, and Client Communication

Plaintiff specifically objects to each of the following entries (Doc. 48 at 5-7, 9-10):

| Date | Description | Hours | Amount |
|---|---|---|---|
| 4/16/2025 | Reviewing federal complaint; Meeting with client to discuss case, obtain factual background and plan strategy. | 2 | $800 |
| 4/17/2025 | Reviewing documents related to | 1.5 | $600 |

| | | | |
|---|---|---|---|
| | transaction provided by client, comparing same against documents attached as exhibits to federal complaint. | | |
| 4/29/2025 | Reviewing financial documents related to transaction provided by client. | 1.1 | $440 |
| 6/11/2025 | Drafting affidavit of client; Telephone conference with client. | 1.7 | $680 |
| 7/30/2025 | Reviewing Plaintiff's discovery requests; Begin outlining objections; Telephone conference with client. | 3.1 | $1,240 |
| 7/31/2025 | Drafting objections and responses to discovery requests. | 2.7 | $1,080 |
| 7/31/2025 | Reviewing file; Drafting Initial Disclosures | .7 | $280 |
| 8/14/2025 | Drafting and revising responses to discovery requests. | 1.4 | $560 |
| **Total** | | **14.2** | **$5,680** |

Fees for work attributable equally to a RICO claim and to other claims are not recoverable, because they would have been incurred regardless of whether Plaintiff had asserted a RICO theory. *Fernau v. Enchante Beauty Prods., Inc.*, No. 18-cv-20866, 2021 WL 1520755, at *9 (S.D. Fla. Mar. 11, 2021), *R&R adopted*, 2021 WL 1152835 (Mar. 26, 2021). None of these entries mentions RICO, and each would have been required to defend the other counts regardless. While there may have been RICO issues in the early discovery, the Court has no way to know. So Defendants dropped their burden in this area. And the undersigned recommends that all 14.2 hours be excluded.

### J. Administrative and Clerical Tasks

Plaintiff also objects to each of the following entries (Doc. 48 at 5-6, 8-9):

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/4/2025 | Drafting notice of appearance, notice of related cases, interested persons disclosure and notice of lead counsel | 2.3 | $920 |

| | | | |
|---|---|---|---|
| | (and filing same); Outlining arguments for MTD. | | |
| 5/6/2025 | Email correspondence to OC. | .1 | $40 |
| 5/7/2025 | Reviewing email from OC; Preparing and filing notice to court re: plaintiff to file an amended complaint. | .2 | $80 |
| 5/21/2025 | Email to OC. | .1 | $40 |
| 5/22/2025 | Review email from OC; Prepare and file motion for enlargement of time. | .2 | $80 |
| 6/13/2025 | Drafting and filing updated 3.01(g) certificate. | .1 | $40 |
| 7/10/2025 | Reviewing Plaintiff's unopposed motion for enlargement of time and order granting same. | .1 | $40 |
| 9/10/2025 | Reviewing plaintiff's motion for enlargement, order granting same. | .1 | $40 |
| **Total** | | **3.2** | **$1,280** |

Time spent on simple ministerial tasks such as filing a notice of appearance is not compensable. *N. Dade Church of* God, 851 So.2d at 196. So the notice of appearance, notice of related cases, interested-persons disclosure, notice of lead counsel, and the 3.01(g) certificate are not compensable. The May 4 entry also combines some purely clerical filings with "outlining arguments for MTD," a substantive task; this constitutes improper block billing. *Kearney*, 713 F. Supp. 2d at 1377. The undersigned declines to shift this drafting time into Section D because five other entries already account for outlining and drafting the first motion to dismiss. The May 6 and May 21 entries are deficient too because neither identifies the subject of the correspondence. Inadequately documented entries do not permit the Court to assess whether the work was reasonable or related to the RICO claims. *Rowe*, 472 So.2d at 1150. The entries for May 4, May 6, May 21, and June 13 are excluded in full.

The remaining four entries stand on different footing. The May 7 and May 22 entries each reflect the preparation and filing of a substantive notice or motion, not ministerial work. The July 10 and September 10 entries reflect review of both a short unopposed motion and the resulting endorsed order. At .1 hours (six minutes) apiece for reviewing two related, brief filings, those entries do not raise an unreasonableness concern. The Court recommends .6 hours for these four entries, totaling $240.

### K. Litigating the Amount of Fees

Plaintiff objects to the following entries:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/30/2026 | Attend scheduled 3.01(g) conference with Plaintiff's counsel, who did not attend. | .5 | $200 |
| 2/3/2026 | Attend scheduled 3.01(g) conference. | .2 | $80 |
| 2/17/2026 | Begin drafting motion for attorney's fees, researching same. | 2.5 | $1,000 |
| 2/19/2026 | Drafting motion for attorney's fees. | 3.1 | $1,240 |
| **Total** | | **6.3** | **$2,520** |

As stated above, fees incurred litigating the amount of a fee award, as distinct from entitlement to one, are not recoverable. *N. Dade Church of God*, 851 So. 2d at 196. In general, Florida courts don't allow "attorney's fees incurred in litigating the amount of attorney's fees." *Id.*; *but see Mallas v. Mallas*, 326 So. 3d 704, 706-07 (Fla. Dist. Ct. App. 2021). Applying the standard to the relevant statute, the Court recommends excluding the fees incurred due to briefing the amount of fees (i.e., no fees for fees). *Mallas*, 326 So. 3d at 707. The undersigned therefore recommends all 6.3 hours be excluded.

### 3. Lodestar Analysis

Having sorted the billing records into these categories, the Court arrives at the final calculation. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger*, 10 F.3d at 783). What a court may not do is combine the two approaches to the same hours, since doing so risks discounting the same time more than once. *Id.* at 1351-52. The undersigned avoids that pitfall here by treating each category of billed time only once. No hours have been discounted under more than one theory.

Of the 79 hours reflected in the original bill, I recommend the following as recoverable: 12 hours for the first motion to dismiss, 12 hours for the second motion to dismiss, 2.4 hours for RICO-specific order and pre-motion letter, 8.2 hours for the Rule 59(e) opposition, 5.7 hours for the motion for entitlement to fees, and .6 hours for the four entries related to reviewing and drafting substantive motions. As for the other entries, the Motion should be denied.

Accordingly, these determinations yield 40.9 recoverable hours. Multiplying that figure by the $400 reasonable hourly rate produces a lodestar of $16,360.

**RECOMMENDED**:

1. Defendants' Motion for Attorney's Fees (Doc. 47) be **GRANTED and DENIED in part**.

2. The Court should arrive at a lodestar amount of **$16,360 in**

**attorney's fees** payable to Defendants.

In Fort Myers, Florida, on August 3, 2026.

Kevin R. Huguelet
United States Magistrate Judge

**Notice to All Parties**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the fourteen-day objection period.**